LAW OFFICE OF PHIL HINEMAN, P.C.
3411 N. 5th Avenue, Suite 304
Phoenix, Arizona 85013
Phone: 602-977-2859
Fax: 602-977-2966
phineman@hineman.com

Phil Hineman – 011887
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re | Chapter 13 |
|---|---|
| JUAN AND DOLORES MORALES | Case No. 0:10-bk-14274-JMM |
| Debtor(s). | STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A)    **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.
(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 - 12 | $1,124.08 |
| 13-24 | $1,125.31 |
| 25-60 | $1,130.00 |

The payments are due on or before the 10th day of each month commencing June 10, 2010. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property.  *The Debtors shall provide, directly to the Trustee their net federal and state income tax refunds for the years 2010 and 2011, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.* In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for 60 **months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims

In Re: Morales, Juan and Dolores
Case No. 0:10-BK-14274-JMM

are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) Administrative expenses:

Attorney Fees. Law Offices of Phil Hineman, P.C. shall be allowed total compensation of $4,000.00, which shall represent matters set forth in Paragraph F(1) of the Plan, with the exception of representation in adversary proceedings. Motion for Stay Relief responses are included in the attorney's flat fee. Counsel received $2,000.00 prior to filing this case and will be paid $2,000.00 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property:

(a) Creditor, CHASE BANK/IBM LENDER SERVICES, secured by Debtors' residence, shall receive regular monthly payments outside of the Plan on its 1st Deed of Trust, directly from Debtors, with payment provided for in Debtors' budget. The prepetition arrears of $18,212.58 shall be paid with 0% interest.

(3) Claims Secured by Personal Property:

(a) Creditor, NISSAN MOTOR ACCEPTANCE CORP, secured by a 2007 Nissan Altima, shall be paid $10,309.07 through the Trustee, with interest at 2.9%. Any unpaid balance is to be classified and paid as a general unsecured claim. In order to provide for adequate protection payments, this Creditor shall receive monthly installments of $103.00 accruing from the first month of the Plan.

(b) Creditor, HSBC Bank Nevada, secured by a Yamaha, shall be paid $8,955.00 through the Trustee, with interest at 0.0%. Any unpaid balance is to be classified and paid as a general unsecured claim.

(c) Creditor, AEA, secured by a 2003 Ford Expedition, shall be paid $8,220.00 through the Trustee, with interest at 5.25%. Any unpaid balance is to be classified and paid as a general unsecured claim. In order to provide for adequate protection payments, this creditor shall receive monthly installments of $99.23 accruing from the first month of the Plan.

(d) Creditor, Wells Fargo / Admin recovery, secured by assorted furniture, shall be paid $3,210.32 through the Trustee, with interest at 5.25%. Any unpaid balance is to be classified and paid as a general unsecured claim. In order to provide for adequate protection payments, this creditor shall receive monthly installments of $32.10 accruing from the first month of the Plan.

In Re: Morales, Juan and Dolores
Case No. 0:10-BK-14274-JMM

Main Document - Trustee Plan Recommendation (batch)    Page 2 of 6

(4) Unsecured Priority Claims:

    (a) Creditor, INTERNAL REVENUE SERVICE, shall be paid $5,437.53 through the Trustee. Any unpaid balance is to be classified and paid as a general unsecured claim.

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

    AEA – Land Rover
    EMC Mortgage Corp – Rental Property

(6) Other Provisions:

    (a) Creditors, CHASE STUDENT LOANS, and US DEPT. OF EDUCAITON, being student loans, shall be classified and paid as general, unsecured claim.

    (b) Creditor, IRS, shall be paid outside of the plan for the Section 1305 taxes from 2010.

    (c) Creditor, GMAC MORTGAGE ("GMAC") is the holder of a 2nd Deed of Trust against the residence of the Debtors' that is wholly unsecured. The holder of the 1st Deed of Trust, Chase, has a claim for approximately $273,000.00. Upon appraisal, Debtor asserts the value of the real property to be $263,000.00. As a result, Debtor will file an Adversary Proceeding to avoid GMAC's lien. Any secured claim filed by such creditor shall receive no distribution until the creditor files an unsecured claim or an amended proof of claim that reflects any unsecured balance remaining on the claim.

    (d) Creditor, ARIZONA DEPARTMENT OF REVENUE, having withdrawn their claim, shall not be paid by the Trustee.

(7) Unsecured Nonpriority Claims. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

**(D) EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon completion of plan.

In Re: Morales, Juan and Dolores
Case No. 0:10-BK-14274-JMM

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon completion of plan.

===
**ORDER SIGNED ABOVE**
===

Approved as to Form and Content By:

_____
Russell Brown
2012.05.11
16:23:33 -07'00'
Russell Brown, Trustee

\_/S/ PHIL HINEMAN_____
Phil Hineman,
Attorney for Debtors

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
Juan Morales, Debtor

_____
Dolores Morales, Debtor

In Re: Morales, Juan and Dolores
Case No. 0:10-BK-14274-JMM

Case 0:10-bk-14274-BMW   Doc 51   Filed 05/21/12   Entered 05/21/12 10:55:57   Desc
Main Document - Trustee Plan Recommendation (batch)   Page 4 of 6

/S/ PHIL HINEMAN
Phil Hineman,
Attorney for Debtors

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
Juan Morales, Debtor

_____
Dolores Morales, Debtor

In Re: Morales, Juan and Dolores
Case No. 0:10-BK-14274-JMM

Case 0:10-bk-14274-BMW   Doc 51   Filed 05/21/12   Entered 05/21/12 10:55:57   Desc
Main Document - Trustee Plan Recommendation (batch)   Page 5 of 6

(K) **Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

    (1) Administrative Expenses:................................................................................................$2,000.00
    (2) Priority Claims ..............................................................................................................$5,437.53
        (b)    IRS..........................................................$5,437.53
    (3) Payments on Leases or to Cure Defaults, Including Interest .......................................$ 18,212.58
        (a)    CHASE HOME LOANS / IBM
    (4) Payments on Secured Claims, Including Interest...........................................................$35,038.98
        (a)AEA........................................................................................................................$9,862.69
        (b)HSBC RETAIL SERVICES.....................................................................................$8,955.00
        (c)NISAN MOTOR ACCEPTANCE CORP..................................................................$12,369.25
        (d) WELLS FARGO BANK/ADMIN RECOVERY.......................................................$3,852.04
    (5) Payments on Unsecured, Nonpriority Claims.................................................................$221,64
    (6) SUBTOTAL....................................................................................................................$60,912.00
    (7) Trustee's Compensation (10% of Debtor's Payments)...................................................$6,768.00
    (8) Total Plan Payments......................................................................................................$67,680.00

(L) **Section 1325 analysis.**

    (1) Best Interest of Creditors Test:
        (a) Value of debtor's interest in nonexempt property.......................................................$0.00
    (b) Plus: Value of property recoverable under avoiding powers.............................................$0
        (c) Less: Estimated Chapter 7 administrative expenses.....................................................$0
        (d) Less: Amount payable to unsecured, priority creditors................................................$5,437.53
        (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7.............................$0

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
(a) Amount from Line 59, Form B22C, Statement of Current Monthly Income.......................................$0.00
(b) Applicable Commitment Period............................................................................................x 60
(c) Section 1325(b) amount ((b)(1) amount times 60)..................................................................$0.00
(3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan..........................................$221.64